IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **DR. LELAND JOHANSEN**, | : | Case No. 1:09-CV-802 |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| v. | : | ORDER GRANTING |
| | : | MOTION TO DISMISS |
| **ELIZABETH BANKS,** *et al.*, | : | |
| Defendants. | : | |

This matter comes before the Court on Defendants' Motion to Dismiss and/or For Qualified Immunity. (Doc. 3). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

I.    BACKGROUND

Plaintiff, Dr. Leland Johansen, was formerly employed as a staff psychiatrist by Summit Behavioral Healthcare Center ("SBHC"), a facility operated by the State of Ohio, Department of Mental Health. This is a refiled § 1983 action that was originally filed in 2007. In this action, as in the 2007 case, Dr. Johansen is suing three officials of the SBHC in their individual capacities only. The allegations of the complaint stem from actions allegedly taken by Defendants following a confrontation that occurred between Dr. Johansen and a patient at SBHC. The complaint asserts violations of Dr. Johansen's rights to due process guaranteed by the Fourteenth Amendment and includes an Ohio law claim for promissory estoppel.

Dr. Johansen filed his original federal complaint in October 2007. Then, in May 2008, Dr. Johansen filed suit against the State of Ohio in the Court of Claims of Ohio. The complaint filed in the Court of Claims was indistinguishable from the one filed in the 2007 federal case

1

(and the complaint filed in this pending case). In September 2008, the defendants in the federal case moved for judgment on the pleadings. In response, Dr. Johansen filed a stipulation of dismissal of the federal action without prejudice. The following March, the Court of Claims dismissed all of Dr. Johansen's federal claims because the only proper defendant before the Court of Claims of Ohio is the state, which is not a "person" under 42 U.S.C. § 1983. The promissory estoppel claim remained for trial, which was set to begin October 26, 2009. On October 23, 2009, however, Dr. Johansen dismissed his action in the Court of Claims without prejudice. On October 30, 2009, he filed the instant action in federal court.

## II. DISCUSSION

Defendants set forth several arguments in favor of dismissal of this action for failure to state a claim: first, by filing the same complaint in the Ohio Court of Claims as he filed here, Dr. Johansen has waived his claims pursuant to Ohio Revised Code § 2743.02(A)(1); second, his claims fail to state any violation of the Constitution or federal law; third, his state law claims are barred by Ohio Revised Code §§ 9.86 and 2743.02(F); and fourth, in the alternative, Defendants are entitled to qualified immunity. Because its consideration of this first argument resolves the issue, the Court will not consider the remaining arguments set forth by Defendants.

By filing his action in the Court of Claims of Ohio, Dr. Johansen has waived all of his claims against the individual defendants. Ohio Revised Code § 2743.02(A)(1) provides that

> filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee . . . . The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

2

Dr. Johansen filed suit against the state in the Court of Claims, then abandoned the effort and voluntarily dismissed his action on the eve of trial before re-filing in this Court. Under Sixth Circuit precedent, he is now barred by Ohio Rev. Code § 2743.02(A)(1) from bringing suit against the individual state employee defendants in federal court. *See Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987). As the *Leaman* court explained,

> The Ohio Court of Claims Act waives the state's sovereign immunity and declares that the state consents to be sued in the Court of Claims. Like most laws that embody compromises among conflicting interests, the statute does not represent a total victory for the class of people who gained the most from its enactment. Under the statute, as we have seen, claimants who might wish to take advantage of the state's waiver of its sovereign immunity are put on notice that the waiver will be effective as to them only if they themselves waive any cognate claims they might have against the states employees. And the statute tells prospective suitors in the Court of Claims that the waiver of cognate claims will be "a complete waiver of any cause of action ... which the filing party has against any state officer or employee."

*Id*. at 951-52. The Sixth Circuit noted that the word "any" as used in the statute was unambiguous and that "the Ohio legislature clearly provided for waiver of federal causes of action, as well a causes of action based upon state law." *Id*. at 952. "The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Plinton v. County of Summit*, 540 F.3d 459, 463 (6th Cir. 2008) (citing cases).

Moreover, the waiver set forth in Revised Code § 23743.02(A)(1) is complete upon *filing*. It cannot be retracted by voluntarily dismissing the Court of Claims action and changing forums. *See Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp. 2d 806, 812 (S.D.

3

Ohio 2005) (holding that the plaintiff's filing in the Court of Claims constituted a complete waiver of any state or federal claims against the individual employees).

In his response to Defendants' Motion to Dismiss, Dr. Johansen agrees that Ohio Rev. Code § 2743.02(A)(1) bars his claims in this case. However, he asks that the Court dismiss the action without prejudice. An order granting a defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) operates as an adjudication on the merits, and the dismissal is with prejudice. *See* Fed. R. Civ. P. 41(b).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 3) is **GRANTED** and Plaintiff's complaint is hereby dismissed.

IT IS SO ORDERED.

                                         ___s/Susan J. Dlott_____
                                         Chief Judge Susan J. Dlott
                                         United States District Court